IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Tawanda Jones-Frank, | § § § | |
| Plaintiff, | § § | Case No: |
| v. | § § § | **COMPLAINT** |
| National Credit Systems, Inc., Equifax Information Services, LLC and Experian Information Solutions, Inc., | § § § § § | DEMAND FOR JURY TRIAL |
| Defendants. | § § | |

Tawanda Jones-Frank ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against National Credit Systems, Inc., ("*NCS*" or *"Furnisher Defendant"*), Equifax Information Services, LLC ("*Equifax*") and Experian Information Solutions, Inc. ("*Experian*") (Equifax and Experian are hereinafter collectively referred to as "*CRA Defendants*") (Furnisher Defendant and CRA Defendants are collectively referred to as "*Defendants*") as follows:

## INTRODUCTION

1.  This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. §1681 *et seq* and Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "*FDCPA*").

2.  This action seeks relief against CRA Defendants for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of §1681e(b); and for CRA Defendants' failure to conduct a reasonable investigation into Plaintiff's disputes in violation of §1681i(a); and for their violations of §1681c-2 for failing to block the information after receipt of the notice of identity theft dispute.

1

3. This action seeks relief against Furnisher Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. §1681s-2(b), for their failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

4. This action also seeks relief against Furnisher for violations of 15 U.S.C. § 1692e for false, unfair and deceptive practices in their attempts to collect a debt.

5. Plaintiff seeks an order enjoining Defendants' injurious conduct and to recover, *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

6. As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; the dissemination of this inaccurate reporting to third party prospective creditors; and a credit denial and its associated frustration and mental anguish.

7. Furthermore, Defendants are also responsible for the cost in time and money associated with requesting credit reports, consulting with professionals regarding resolving this inaccurate reporting and submitting a dispute letter via certified mail.

8. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an order issued by this court enjoining Defendants from persisting in their violative behaviors.

## JURISDICTION AND VENUE

9. Jurisdiction of the Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff resides in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred here.

## PARTIES

11. Plaintiff Tawanda Jones-Frank is an adult who is a citizen of the State of Texas residing in Collin County, Texas, 75009.

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

13. Defendant NCS is a "furnisher of information" (hereinafter "*Furnisher*") as that term is defined by 15 U.S.C. § 1681s-2(b).

14. Defendant NCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and regularly engages in the collection of or attempt to collect debts asserted to be owed by others.

15. Defendant NCS is a corporation and has a principal place of business located at 3750 Naturally Fresh Blvd, Atlanta, Georgia 30349.

16. Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. and qualifies as a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. § 1681a(f), that regularly conducts business in this judicial district.

17. Defendant Equifax is a Georgia limited liability company which has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of New York, and may be served with process upon The Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY 12207.

18. Defendant Equifax by contractual agreement, dispersed consumer background reports for remuneration to third parties.

19. Defendant Experian is a CRA as defined under 15 U.S.C. § 1681a(f), that regularly conducts business in this judicial district.

20. Defendant Experian is an Ohio corporation which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626, is registered to do business in the State of New York and may be served with process upon CT Corporation System, its registered agent for service of process at 28 Liberty Street, New York, NY 10005.

21. Defendant Experian by contractual agreement, dispersed consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

22. Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681(a) which states as follows:

(1) The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a ***need to insure that consumer reporting agencies exercise their***

>   ***grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

23. FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

24. CRAs compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

25. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

26. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

27. Plaintiff Tawanda Jones-Frank became the victim of identity theft when someone entered into an apartment lease in her name without her awareness or approval.

28. The lease at issue was entered into with Avilla Parkway Apartments and NCS was

assigned or transferred the right collect the outstanding unpaid rent balance of $20,625.

29. On or around September 16, 2022, NCS began reporting the $20,625 collection (Hereinafter referred to as "*NCS Account*" or "*alleged debt*") on Plaintiff's consumer credit reports with CRA Defendants.

30. Plaintiff filed a police report regarding this fraud on December 4, 2022 (hereinafter referred to as "Police Report") which she provided to Avilla Parkway Apartments.

31. In direct discussions with Avilla Parkway Apartments, Plaintiff was informed that they knew she never came to pick up keys for the apartment and that a different person resided and was receiving mail there but assumed they did so under her authority, despite never having any direct communication or contact with Plaintiff.

32. Based upon the investigation of Detective Marcus D. Martinez, Ashtonee Kirsten Dugan is the primary suspect in the crime and there is a warrant out for her arrest.

33. On December 9, 2022, Plaintiff filed a FTC Identity Theft Report (Hereinafter referred to as "*FTC Report*") which specifically references the Avilla Parkway Apartments alleged debt.

34. On or around December 12, 2022, Plaintiff caused a FCRA dispute letter to be sent to CRA Defendants (the *"FCRA dispute letter"*).

35. The FCRA dispute letter also enclosed the FTC Report.

36. Based upon United States Postal Service tracking information, Equifax received the FCRA dispute letter on December 22, 2022.

37. Based upon United States Postal Service tracking information, Experian received the FCRA dispute letter on December 24, 2022.

38. Upon information and belief, CRA Defendants forwarded a notice of dispute and

all relevant information regarding the FCRA dispute letter to Furnisher Defendant, within five business days of receipt of same.

39. Upon information and belief, Furnisher Defendant received the notice of dispute and all relevant information from CRA Defendants.

40. Following Defendants' thirty (30) day FCRA investigation period, Defendants continued to report the NCS Account whereas non-party CRA Trans Union deleted the account entirely.

41. Upon information and belief, Defendants either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate account as accurate.

42. Upon information and belief, NCS failed to conduct any substantive outreach to Avilla Parkway Apartments or anyone else and merely relied on their internal electronic records and documents received from Avilla Parkway Apartments to collect on the matter.

43. Had Defendants performed a reasonable investigation, among other things they would have discovered that Plaintiff never resided at the premises, never picked up keys to gain possession of the premises, and that warrant out for the arrest of the perpetrator for this crime.

44. A reasonable investigation would have resulted in Defendants deleting/blocking the account at issue entirely and NCS would have ceased their collection activity.

45. Alternatively, and, upon information and belief, CRA Defendants failed to provide Furnisher Defendant with the notice of dispute and all relevant information.

46. Alternatively, and, upon information and belief, Furnisher Defendant provided CRA Defendants with the correct information and directives regarding the NCS account and CRA Defendants failed to properly process or furnish this data to Plaintiff's credit report.

47. As such, CRA Defendants failed to practice reasonable procedures to assure maximum possible accuracy.

48. As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; wrongly inflated liabilities; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; the dissemination of this inaccurate reporting to third party prospective creditors resulting in a denial of credit due to the $20,625 collection account.

49. Defendants are also responsible for the cost in time and money associated with requesting credit reports, consulting with professionals regarding resolving this inaccurate reporting and submitting a dispute letter via certified mail.

## COUNT I
### CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681e(b).

50. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

51. CRA Defendants systemically violated 15 U.S.C. §1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff they published.

52. Upon receipt of Plaintiff's disputes, CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

53. CRA Defendants failed to comply with 15 U.S.C. § 1681c-2 exhibiting a failure to

8

follow reasonable procedures to assure maximum possible accuracy despite receiving the requisite documentation from the Plaintiff.

54. Upon information and belief, CRA Defendants' conduct in the instant matter is representative of their normal policies and procedures or lack thereof for maintaining accurate credit reporting.

55. In violation of §§ 1681e(b) and 1681(i), CRA Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

56. Plaintiff disputed the inaccurate information and CRA Defendants knowingly or intentionally failed to perform a reasonable investigation to remove the inaccurate information.

57. Plaintiff disputed the inaccurate information and CRA Defendants recklessly failed to perform a reasonable investigation to remove the inaccurate information.

58. Alternatively, Plaintiff disputed the inaccurate information and CRA Defendants negligently failed to perform a reasonable investigation to remove the inaccurate information.

59. As a result of CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

60. In violation of § 1681o and § 1681n, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury.

61. CRA Defendants are liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

62. As a result of CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

63. For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT II
### CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681i *et seq.*

64. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

65. CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

66. CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Furnisher Defendant and merely parroting information received from the furnisher.

67. CRA Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and his dispute.

68. CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

69. CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

70. CRA Defendants never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendant; or (iv) requested or obtained any credit

applications, or other relevant documents from Furnisher Defendant. As such, there is no evidence of a reasonable investigation being conducted.

71. As a result of CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

72. CRA Defendants' violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or reckless disregard for the information provided in that dispute, rendering CRA Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

73. In the alternative, CRA Defendants were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

74. For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT III
### Furnisher Defendant's Violations of the FCRA, 15 U.S.C. §1681s-2(b).

75. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

76. At all times pertinent hereto, Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

77. Furnisher Defendant has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

78. Furnisher Defendant has an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

11

79. FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

80. On each occasion referenced in the above statement of facts where a dispute was sent to a CRA Defendants, upon information and belief, CRA Defendants provided Furnisher Defendant the notice of dispute and all relevant information regarding the disputes.

81. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, Furnisher Defendant received the notice of dispute and all relevant information regarding the disputes.

82. Upon information and belief, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

83. Furnisher Defendant failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

84. Upon information and belief, Furnisher Defendant's conduct in the instant matter is representative of their normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

85. Furnisher Defendant violated § 1681s-2(b) by willfully failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

86. Furnisher Defendant violated § 1681s-2(b) by willfully failing to review all relevant information concerning Plaintiff's account as provided.

87. Furnisher Defendant violated § 1681s-2(b) by willfully failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

88. Furnisher Defendant violated § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation.

89. Furnisher Defendant violated § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

90. Furnisher Defendant violated § 1681s-2(b) by willfully failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

91. Furnisher Defendant's conduct was willful in that it knew of the identity theft after receiving the dispute letters from the consumer reporting agencies and continued to report the debt anyway.

92. Alternatively, Furnisher Defendant exhibited a reckless disregard and unjustifiably high risk to the Plaintiff when it failed to conduct a reasonable investigation despite receipt of information that the debt was a result of identity theft.

93. Furnisher Defendant violated § 1681s-2(b) by negligently failing to review all relevant information concerning Plaintiff's account as provided.

94. Furnisher Defendant violated § 1681s-2(b) by negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

95. Furnisher Defendant violated § 1681s-2(b) by negligently failing to delete the

Plaintiff's file after conducting an investigation

96. Furnisher Defendant violated § 1681s-2(b) by negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies

97. Furnisher Defendant violated § 1681s-2(b) by negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

98. Further, Plaintiff suffered actual damages, further described in the above in statement of facts.

99. Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

100. Alternatively, Furnisher Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

101. For the foregoing reasons, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## COUNT IV
### CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681c-2.

102. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

103. Pursuant to 15 U.S.C. § 1681c-2(a), a CRA must block the reporting of any information in a consumer's file that is alleged to be a result of identity theft, not later than four (4) business days after receive of notice of the identity theft.

104. This notice to the CRA must include an identity theft report; appropriate personal identification and a statement that the information is not related to any transaction by the consumer.

105. Here, in compliance with 15 U.S.C. § 1681c-2(a)(1) through 1681c-2(a)(4), Plaintiff sent a dispute detailed in the above statement of facts which included the appropriate proof, identification and report to a law enforcement agency stated that this account or these transactions were a result of identity theft.

106. CRA Defendants violated 15 U.S.C. § 1681c-2(b)(1) by failing to promptly notify Furnisher Defendant that the information was a result of identity theft.

107. CRA Defendants violated 15 U.S.C. § 1681c-2(b)(2) by failing to promptly notify Furnisher Defendant that an identity theft report has been filed.

108. CRA Defendants violated 15 U.S.C. § 1681c-2(b)(3) by failing to promptly notify Furnisher Defendant that a block had been requested.

109. CRA Defendants violated 15 U.S.C. § 1681c-2(a) by failing to block information resulting from identity theft.

110. CRA Defendants violated 15 U.S.C. § 1681c-2(c)(2) by failing to notify the consumer that they would decline to block the disputed fraudulent accounts or had rescinded the blocking of these accounts.

111. As a result of CRA Defendants' violations of 15 U.S.C. §1681c-2, Plaintiff suffered actual damages which have been further described in the statement of facts.

112. CRA Defendants' violations were willful in their knowing and/or reckless disregard, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

113. Alternatively, CRA Defendants violations were a result of negligence, and Plaintiff is entitled to recovery under 15 U.S.C. § 1681o.

114. For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681c-2 and are

liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**COUNT V**
**Furnisher Defendant's Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).**

115. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

116. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

117. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

118. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

119. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

120. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

121. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

122. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

123. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

124. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

125. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

126. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

127. A debt collector reporting an alleged debt to a consumer's credit report is a communication and an attempt to collect a debt.

128. Plaintiff does not owe the alleged debt because it is a fraudulent debt opened in her name without her authorization or approval.

129. The debt alleged by the Furnisher Defendant is fraudulent due to identity theft and upon receipt of Plaintiff's identity theft report they had a duty to cease collection of the debt.

130. Despite receipt through CRA Defendants of Plaintiff's FCRA dispute letter, Furnisher Defendant furnished false information regarding the amount and status of the alleged debt to Plaintiff's consumer credit report.

131. Furnisher Defendant's communication to the CRA Defendants at issue was a false representation made by Furnisher Defendant in connection with their collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

132. Furnisher Defendant's allegation that Plaintiff owes this debt was a deceptive representation made by Furnisher Defendant in connection with their collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

133. Furnisher Defendant's allegation that Plaintiff owes this debt was a misleading representation made by Furnisher Defendant in connection with their collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

134. Furnisher Defendant's allegation that Plaintiff owes this debt was a false representation of the character of the alleged debt made in connection with their collection of the alleged Debt, in violation of 15 U.S.C. § 1692e(A).

135. Furnisher Defendant's allegation that Plaintiff owes this debt was a false representation made in connection with their collection of the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

136. Furnisher Defendant's allegation that Plaintiff owes this debt was a deceptive means made in connection with their collection of the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

137. For the foregoing reasons, Furnisher Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

138. Plaintiff was damaged as a direct result of Furnisher Defendant's conduct as described in the above statement of facts.

## JURY DEMAND

139. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendants, as follows:

   a. Adjudging that Defendants actions violated the FCRA;

   b. Adjudging that Furnisher Defendant's actions violated the FDCPA; and

   c. An order enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the accounts at issue in Plaintiff's credit report;

   d. Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

   e. Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

   f. Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

   g. Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

   h. Granting Plaintiff actual damages against Furnisher Defendant pursuant to 15 U.S.C. § 1692k;

   i. Granting Plaintiff statutory damages against Furnisher Defendant pursuant to 15 U.S.C. § 1692k;

   j. Granting Plaintiff attorneys' fees against Furnisher Defendant pursuant to 15 U.S.C. § 1692k;

   k. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed

under the law; and

l. Such other and further relief as the Court determines is just and proper.

DATED: April 27, 2023

**SANDERS LAW GROUP**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: csanders@sanderslaw.group
Office: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 127463